UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>ERICA CUEVAS-CEBALLOS (6) and<br>ALICE ESPINOZA (7),<br><br>               Defendants. | NO. CR-05-2075-6-EFS<br>NO. CR-05-2075-7-EFS<br><br>**ORDER DENYING DEFENDANT ESPINOZA'S MOTION TO SEVER AND MEMORIALIZING DEFENDANT CUEVAS-CEBALLOS' WITHDRAWAL OF MOTION TO SEVER** |

On September 20, 2005, the Court held a hearing in the above-captioned matters. Defendants Erica Cuevas-Ceballos and Alice Espinoza were present, represented by Rolando Adame and Ed Alden, respectively. Assistant United States Attorney Ms. Jane Kirk appeared on behalf of the Government. Before the Court were Defendants' Motions to Sever, (Ct. Recs. 371 & 503). The Court read the submitted materials and relevant case law, considered oral argument, and was fully informed. This Order serves to memorialize and supplement the Court's oral rulings.

**A.  Ms. Cuevas-Ceballos**

Mr. Adame explained to the Court that Ms. Cuevas-Ceballos' Motion to Sever could not be heard because letters that Ms. Cuevas-Ceballos had intended to rely upon to establish a *Bruton* problem were lost. Accordingly, Ms. Cuevas-Ceballos withdrew her motion to sever.

ORDER* 1

**B.   Ms. Alice Espinoza**

Ms. Espinoza asks the Court to sever her case from the remaining twenty co-defendants pursuant to Federal Rule of Criminal Procedure 14 on the following grounds: (1) a curative instruction will not cure the prejudice Ms. Espinoza will suffer when the Government presents evidence obtained during an unconstitutional of her storage shed, (2) other Defendants will offer theories of defense inconsistent with Ms. Espinoza, (3) co-Defendant Gilberto Rivera's testimony is necessary to exculpate Ms. Espinoza or minimize her role, (4) the evidence against the co-Defendants is much stronger and will result in an unfair spillover effect to Ms. Espinoza, and (5) that the sheer number of Defendants and complexity of issues may prevent the jurors from rational decision making. The Government opposes severance, submitting joinder is appropriate.

At this stage, the Court finds joinder is appropriate. Ms. Espinoza has not provided evidence showing co-defendant Gilberto Rivera will in fact provide testimony that will exculpate Ms. Espinoza. Accordingly, because there is evidence, *albeit* possibly weak, connecting Ms. Espinoza to the drug conspiracy, the Court finds joinder is currently appropriate under Federal Rule of Criminal Procedure 8(b) and that Ms. Espinoza has not established "there is a serious risk that a joint trial would compromise a specific trial right of [Ms. Espinoza] or prevent the jury from making a reliable judgment about guilt or innocence." *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

//

///

ORDER\* 2

1    For the above reasons, **IT IS HEREBY ORDERED:**

2    1.  Defendant Erica Cuevas-Ceballos' (6) Motion to Sever, **(Ct. Rec. 503),** is **WITHDRAWN.**

4    2.   Defendant Alice Espinoza's Motion to Sever **(Ct. Rec. 371),** is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order and to provide copies to all counsel.

**DATED** this 21st   day of September 2005.

                    S/ Edward F. Shea

                       EDWARD F. SHEA
                 United States District Judge

Q:\Criminal\2005\2075.6.7.sever.wpd

ORDER* 3